J-S49019-20

2020 PA Super 277

| | | |
|---|---|---|
| JAMIE L. DENELLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMANTHA G. DENELLE | : | |
| | : | |
| | : | No. 617 WDA 2020 |
| APPEAL OF: LAWRENCE COUNTY | : | |
| DOMESTIC RELATIONS OFFICE | : | |

Appeal from the Order Entered May 15, 2020
In the Court of Common Pleas of Lawrence County Domestic Relations at
No(s):  461 of 2018, D.R.

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                                FILED NOVEMBER 25, 2020

The Lawrence County Domestic Relations Office ("DRO") appeals the May 15, 2020 Order entered in the Court of Common Pleas of Lawrence County that, inter alia, dismissed the Complaint for Support that Jamie L. Denelle ("Mother") filed against Samantha G. Denelle, formerly named Marc Allen Denelle ("Putative Parent")[1], after the trial court made a finding that Putative Parent did not sign the Acknowledgment of Paternity for N.S.D. ("Child"). Upon review, we affirm.

The relevant factual and procedural history is as follows.  Mother and Putative Parent began dating when Mother was three months pregnant.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Putative Parent underwent gender reassignment surgery and presently identifies as female.

Putative Parent was aware that Mother was pregnant and Mother informed Putative Parent that Nick Medved was Child's biological father. During their relationship, Mother and Putative Parent agreed that Putative Parent would not be financially responsible for supporting Child and that Mother would pursue Nick Medved for child support.

Child was born on May 29, 2008. Putative Parent's name appears on an Acknowledgment of Paternity for Child, as well as Child's Birth Certificate, but Putative Parent disputes that she signed the Acknowledgment of Paternity.

On November 27, 2008, Mother and Putative Parent married. While Mother and Putative Parent were married, Putative Parent underwent gender reassignment surgery. In approximately August 2013, Mother and Putative Parent separated and Putative Parent moved to Austin, Texas. Mother and Putative Parent officially divorced in 2017, and Mother did not seek child support at the time.

In April 2018, Mother underwent back surgery and was no longer able to work. Mother sought public financial assistance, and, to be eligible, the DRO required her to seek financial support for Child.

Thus, on October 3, 2018, Mother filed a Complaint for Support against Putative Parent. On March 19, 2019, after a support conference, the hearing officer entered an Interim Support Order requiring Putative Parent to pay $1,125 per month to Mother for support of Child.

Putative Parent filed a timely demand for a de novo hearing and on July 15, 2019, the court held a hearing. Mother testified, in sum, that Putative

- 2 -

Parent is not Child's biological father but Putative Parent signed "the papers" at the hospital, and that she was not seeking support from Putative Parent but, rather, a court order removing Putative Parent's name from the Acknowledgment of Paternity and Birth Certificate. N.T. Hearing 7/15/19, at 6-9, 20. Mother requested that the court order a paternity test for Nick Medved who, present at the hearing, agreed to submit to the test. Id. at 13, 20.

On July 17, 2019, the trial court issued an Order, which found that Putative Parent was not Child's biological father, set Putative Parent's financial obligation to zero, and ordered Mother to file a Complaint for Support against Nick Medved. Order, filed 7/17/19.

The DRO filed a timely Motion for Reconsideration, which the trial court granted on August 14, 2019. On September 16, 2019, the court held a brief hearing, and the DRO argued that because Putative Parent signed the Acknowledgment of Paternity, Putative Parent was legally obligated to support Child despite not being Child's biological father. After hearing oral argument, the trial court determined that an additional hearing date was necessary.

On March 4, 2020, the trial court held a hearing, incorporated the testimony from the July 15, 2019 and September 16, 2019 hearings, and heard additional testimony from Mother and Putative Parent. Mother maintained her position that Putative Parent was not Child's biological father. Putative Parent testified that she did not sign the Acknowledgment of Paternity at the time of Child's birth. N.T. Hearing, 3/4/20, at 28. Further, Putative

- 3 -

Parent testified that the signature on the document was not consistent with her handwriting, her listed address was incorrect, and the document listed her surname as "Nunez-Denelle" when, at the time, she exclusively used the surname "Denelle." Id. at 27-28. Putative Parent also testified that she and Mother agreed that Putative Parent would not be financially responsible for Child, and that Mother would pursue the named biological father, Nick Medved, for child support. Id. at 17-21

On May 15, 2020, the trial court dismissed Mother's Complaint for Support against Putative Parent. The court made findings that Mother and the DRO failed to provide evidence that Putative Parent signed the Acknowledgment of Paternity, and that Putative Parent testified credibly that she did not sign the Acknowledgment of Paternity; thus, there was no legal basis to impose an obligation for Putative Parent to pay Mother child support for Child.

The DRO timely appealed. Both the DRO and the trial court complied with Pa.R.A.P. 1925.

The DRO raises the following issue for our review:

Whether the trial court erred or abused its discretion in failing to find that [Putative Parent] was the legal father of [Child] when an Acknowledgment of Paternity from the Department of Public Welfare, Bureau of Child Enforcement shows the signature of the birth mother and [Putative Parent] duly witnessed by a representative on behalf of the Bureau of Child Support Enforcement?

DRO's Br. at 5.

- 4 -

This Court reviews paternity decisions in child support matters for an abuse of discretion. S.N.M. v. M.F., 175 A.3d 333, 337 n.4 (Pa. Super. 2017). "Abuse of discretion exists where the trial court overrides or misapplies the law, or if there is insufficient evidence to sustain its order." R.W.E. v. A.B.K., 961 A.2d 161, 165–66 (Pa. Super. 2008) (citation omitted). Moreover, this Court will not disturb the findings of the trial court if competent evidence supports them, and we may not reverse merely because this Court might have made a different finding. Id. at 166. It is indisputably the trial court's role as factfinder to weigh the evidence presented and assess its credibility, and the trial court is free to believe all, part, or none of that evidence. Vargo v. Schwartz, 940 A.2d 459, 462 (Pa. Super. 2007). We will not disturb the trial court's credibility determinations. Id.

"Pennsylvania law provides that a man may acknowledge the paternity of a child born out of wedlock by signing a voluntary acknowledgment of paternity form." R.W.E., 961 A.2d at 167. Section 5103 of the Domestic Relations Code governs acknowledgment of paternity and states, in relevant part:

> The father of a child born to an unmarried woman may file with the Department of Public Welfare, on forms prescribed by the department, an acknowledgment of paternity of the child[,] which shall include the consent of the mother of the child, supported by her witnessed statement . . . In such case, the father shall have all the rights and duties as to the child which he would have had if he had been married to the mother at the time of the birth of the child, and the child shall have all the rights and duties as to the father which the child would have had if the father had been married to the mother at the time of birth.

23 Pa.C.S. § 5103(a). The statute also provides, "an acknowledgment of paternity shall constitute conclusive evidence of paternity without further judicial ratification in any action to establish support[.]" Id. at (d). Finally, "[a]fter the expiration of the 60 days, an acknowledgment of paternity may be challenged in court only on the basis of fraud, duress or material mistake of fact, which must be established by the challenger through clear and convincing evidence." Id. at (g)(2). Applying Section 5103, this Court has recently held that when a putative father "signed the acknowledgment of paternity and presented nothing to show fraud, duress or material mistake of fact, the paternity of [c]hild was established and cannot be challenged at this point." S.N.M., 175 A.3d at 338.

Instantly, the DRO avers that the trial court abused its discretion when it dismissed Mother's Complaint for Support against Putative Parent because Putative Parent signed the Acknowledgment of Paternity, acknowledging her rights and responsibilities to provide support to Child, and failed to present any evidence of fraud, duress, or mistake of fact to rescind the Acknowledgment. DRO's Br. at 8. Moreover, the DRO argues that Putative Parent's testimony is not credible because she has "strong personal incentives" to have the case dismissed, including the fact she has moved to Texas and adopted her own child. Id. at 9.

Here, the trial court made a finding that Putative Parent did not actually sign the Acknowledgment of Paternity and, thus, concluded that there was no

legal basis to impose a child support obligation on Putative Parent. The trial court opined:

> In the current matter, the [DRO] did not properly authenticate the [A]cknowledgment of [P]aternity and did not establish [Putative Parent] actually signed the document. [Putative Parent] vehemently asserts that she never signed the [A]cknowledgment presented by the [DRO]. In fact, she indicates the signature is inconsistent with her handwriting and the name contained on the [A]cknowledgment was written as "Marc Alan Nunez-Denelle" even though she never used the surname "Nunez" . . . The [DRO] rests upon a single response of [Mother] to questioning by [Putative Parent]'s counsel where she stated [Putative Parent] signed documents at the hospital and was named as the father on [C]hild's birth certificate. There was not follow up or clarification to that statement nor did [Mother] specifically state [Putative Parent] signed the [A]cknowledgment of [P]aternity. The [c]ourt finds [Putative Parent]'s largely uncontested testimony that she did not sign the [A]cknowledgment to be credible.

Trial Ct. Op., filed 5/15/20, at 7. Further, the trial concluded that because there was "no evidence to demonstrate the [A]cknowledgment was executed and signed" by Putative Parent, it was not necessary for Putative Parent to demonstrate fraud, duress, or mistake of fact to rescind the Acknowledgment. Id. at 8. Our review of the record supports the trial court's findings, and we decline to usurp the trial court's credibility determinations. Accordingly, we find no abuse of discretion.

As discussed above, the record supports the trial court's finding that Putative Parent did not sign the Acknowledgment of Paternity and, therefore, is not legally bound by the statutory requirements of Section 5103. Because the Acknowledgment of Paternity did not contain a valid signature from

Putative Parent, we remand this case for the trial court to rescind the Acknowledgment of Paternity that bears Putative Parent's name.

Order affirmed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020